# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2012

No. 11-40965
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EVERS ALEJANDRO BENITEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-511-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Evers Alejandro Benitez appeals his sentence following his guilty plea conviction for possessing, with the intent to distribute, approximately 125 kilograms of marijuana. Benitez argues that the district court misapplied the Sentencing Guidelines by denying him a minor role adjustment because he served as the driver of a single load of marijuana.

The defendant has the burden of proving, by a preponderance of the evidence, that his role was minor in the offense. *United States v. Garcia*, 242

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 593, 598 (5th Cir. 2001).  The district court's denial of the adjustment based on the particular facts of a case is reviewed for clear error.  *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005).  Benitez has not shown, by a preponderance of the evidence, that his role was peripheral to the advancement of the illicit activity.  *See United States v. Miranda*, 248 F.3d 434, 446-47 (5th Cir. 2001).  Accordingly, the district court did not clearly err by denying him the minor role adjustment.  *See Villanueva*, 408 F.3d at 204.

Benitez also argues, for the first time on appeal, that the district court denied him a minor role reduction because it believed that such a reduction was categorically inappropriate for the driver of a load.  "A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review."  *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (internal quotation marks and citation omitted).  Because Benitez failed to raise his "fixed policy" argument in the district court, his argument is reviewed for plain error only.  *See id.*

A defendant may show that a district court is guilty of "mechanical sentencing" by showing that the court used terms indicating a predisposition, such as "routinely" or "habitually."  *See United States v. Clements*, 634 F.2d 183, 187 (5th Cir. 1981).  In the instant case, the district court's remarks do not indicate that it "always" denied a minor role reduction to drug couriers.  Rather, the court's statement that "the driver here of the load here, it's not a situation for role adjustment" suggests that the court was considering the facts specifically before it.  Accordingly, no plain error is shown.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.